IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

LINDA M.,                           §
          Plaintiff,                §
                                    §
                                    §
v.                                  §        No. 5:23-CV-293-BW
                                    §
COMMISSIONER OF THE SOCIAL          §
SECURITY ADMINISTRATION,            §
          Defendant.                §

## MEMORANDUM OPINION AND ORDER

Plaintiff Linda M. ("Plaintiff") brings this action pursuant to the Social

Security Act (the "Act"), seeking review of the final decision of the Commissioner of

Social Security (the "Commissioner"), that denied her application for Disability

Insurance Benefits ("DIB") under Title II of the Act.  (*See* Dkt. No. 1.)  The Court

has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c), and the

undersigned proceeds with the parties' consent in accordance with 28 U.S.C.

§ 636(b) and Special Order Nos. 3-350 and 3-354.  (*See* Dkt. No. 17.)

Plaintiff filed a brief on appeal (Dkt. No. 14) ("Pltf. Br."), to which the

Commissioner filed a brief in response (Dkt. No. 15 ("Def. Br."), and Plaintiff filed a

brief in reply (Dkt. No. 16) ("Reply").  After considering the pleadings, briefs, and

administrative record, the Court concludes that the Commissioner's decision is

**AFFIRMED**.

## I.  BACKGROUND

On July 22, 2021, Plaintiff protectively filed a claim for DIB, alleging

disability beginning November 11, 2020, due to a variety of physical impairments,

including (among others) carpal tunnel syndrome, herniated discs, diabetes, and high

blood pressure.  (*See* Transcript ("Tr.") 38, 311-12, 348.)  The claim was denied

initially on January 7, 2021, and again upon reconsideration on August 8, 2022, after

which Plaintiff timely requested an administrative hearing.  (Tr. 38.).

On April 4, 2023, Administrative Law Judge Kevin Batik ("the ALJ") held an

online video hearing,[1] at which Plaintiff appeared and testified.  (Tr. 38.)  Plaintiff

was represented at the hearing by Melinda Ann Bonner, an attorney.  *Id.*  Molly

Kelly, an impartial vocational expert, appeared and testified telephonically.  *Id.*  The

ALJ issued an unfavorable decision on May 24, 2023, finding Plaintiff not disabled.

(Tr. 38-49.)  On October 17, 2023, the Appeals Council denied Plaintiff's request for

further review.  (Tr. 1-6.)  The ALJ's May 24, 2023, decision thus became the "final

decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## II.  LEGAL STANDARDS

### A.    District Court Review

Judicial review of the Commissioner's denial of benefits is limited to whether

the Commissioner's position is supported by substantial evidence and whether the

Commissioner applied the proper legal standards in evaluating the evidence.  *See* 42

---

[1] Due to the extraordinary circumstance presented by the Coronavirus Disease 2019 ("COVID-19") Pandemic, Plaintiff agreed to appear by online video.  (Tr. 38.)

U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*,

67 F.3d 552, 555 (5th Cir. 1995).  Substantial evidence is "more than a mere scintilla.

It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord*

*Copeland*, 771 F.3d at 923.  To determine whether substantial evidence of disability

exists, four elements of proof must be weighted: (1) objective medical facts; (2)

diagnoses and opinions of treating and examining physicians; (3) claimant's

subjective evidence of pain and disability; and (4) claimant's age, education, and

work history.  *See Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe*

*v. Richardson*, 464 F.2d 92, 94 (5th Cir.1972)).

　　The Commissioner, rather than the courts, must resolve conflicts in the

evidence, including weighing conflicting testimony and determining witnesses'

credibility, and the Court does not try the issues de novo.  *See Martinez v. Chater*, 64

F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).

Thus, the court may not reweigh the evidence or substitute its judgment for the

Commissioner's but must scrutinize the entire record to ascertain whether substantial

evidence supports the hearing decision.  *See Copeland*, 771 F.3d at 923; *Hollis v.*

*Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).  The Court "may affirm only on the

grounds that the Commissioner stated for [the] decision."  *Copeland*, 771 F.3d at 923.

　　"Absent an error that affects the substantial rights of a party, administrative

proceedings do not require 'procedural perfection.'"  *Wilder v. Colvin*, No. 13-CV-

3

3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*,

706 F.3d 600, 603 (5th Cir. 2012)).  "The ALJ is not required to discuss every piece

of evidence in the record nor must the ALJ follow formalistic rules of articulation."

*Hunt v. Astrue*, No. 4:12-CV-244-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3,

2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)).  "Procedural

errors affect the substantial rights of a claimant only when they 'cast into doubt the

existence of substantial evidence to support the ALJ's decision.'"  *Wilder*, 2014 WL

2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).

"Remand is required only when there is a realistic possibility that the ALJ would

have reached a different conclusion absent the procedural error."  *Id*. (citing *January

v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

   B.    **The Sequential Evaluation Process**

      "In order to qualify for disability insurance benefits or [supplemental security

income], a claimant must suffer from a disability."  *Copeland*. 771 F.3d at 923 (citing

42 U.S.C. § 423(d)(1)(A)).  The Act defines "disability" as the inability to engage in

substantial gainful activity by reason of any medically determinable physical or

mental impairment that can be expected to result in death or last for a continued

period of 12 months.  *See id*. § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v.

Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

      An ALJ must follow a five-step sequential evaluation to determine whether a

claimant is disabled within the meaning of the Act.  *See Wren*, 925 F.2d at 125

(summarizing 20 C.F.R. § 404.1520(b)-(f)).  On the first four steps of the analysis, the

claimant has the initial burden of proving that he is disabled. *Bowen v. Yuckert*, 482

U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner on the fifth step to

show that the claimant is capable of performing work in the national economy and is

therefore not disabled. *Id*. "A finding that a claimant is disabled or is not disabled at

any point in the five-step review is conclusive and terminates the analysis." *Lovelace*

*v. Bowen*, 813 F.2d 55, 58 (5th Cir.1987).

At step one, the ALJ must determine whether the claimant is engaged in

substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is

not disabled. If the claimant is not engaged in substantial gainful work activity, the

ALJ proceeds to step two and determines whether the claimant has an impairment,

or combination of impairments, that is "severe" within the meaning of the Act,

meaning that it imposes significant restrictions on the claimant's ability to perform

basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe

impairment or combination of impairments, the analysis concludes with a finding of

"not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or

medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of

Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or

medically equals the criteria of a Listing and meets the durational requirement, the

claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's

residual functional capacity ("RFC"), which is the ability to perform physical or

mental work activities on a sustained basis notwithstanding limitations for the collective impairments.  *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  *Id.*  If an individual's impairment precludes him or her from performing past work, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan*, 38 F.3d at 236.  This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence.  *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

### III.  ALJ's FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his May 24, 2023 decision:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2025.

2. The claimant has not engaged in substantial gainful activity since November 11, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: cervical and lumbar spine degenerative disc disease; diabetes mellitus; diabetic retinopathy; hypertension; obesity; bilateral carpal tunnel syndrome status-post right and left carpal tunnel release; bilateral trigger finger syndrome status-post right trigger finger release (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5.  The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)[2] except she can occasionally climb ramps or stairs, balance, stoop, kneel, and crouch; never crawl and never climb ladders, ropes, or scaffolds; and frequently reach, handle, finger, and feel with the bilateral upper extremities.

6.  The claimant can perform her past relevant work as a photo finishing operator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7.  The claimant has not been under a disability, as defined in the Social Security Act, from November 11, 2020, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 38-49.)

Accordingly, the ALJ determined that, for the application for a period of disability and disability insurance benefits, protectively filed on July 22, 2021, the claimant is not disabled under sections 216(i) and 223(d) of the Act.  (Tr. 49.)

## IV.  ANALYSIS

Plaintiff asserts two points of error.  Plaintiff first argues that the ALJ's RFC determination was "patently unreasonable and thus not supported by substantial

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.  If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

evidence." (*See* Pltf. Br. at 3, 5-13.) Plaintiff contends that her "self-described limitations are disabling, or, at the very least, that they describe far greater and more detailed limitations than the ALJ's RFC," particularly with respect to visual limitations. (*See id.* at 9-13.) Plaintiff's second point of error argues that "the ALJ's RFC fails to account for the 'total limiting effects' of her impairments pursuant to §§ 404.1520c and 404.1529." (*See id.* at 3, 13-21.) Specifically, Plaintiff argues that the ALJ did not properly evaluate two opinions from treating chiropractor Spencer McCombs, DPT, opinions which, according to Plaintiff, "establish greater limitations than the RFC." (*See id.*)

The Commissioner argues in response that the ALJ's RFC finding was supported by substantial evidence, and Plaintiff's challenge to the RFC finding is predicated on her subjective statements, which the ALJ considered and found unsupported by objective medical evidence. (*See* Def. Resp. at 3-6.) Further, argues the Commissioner, the ALJ's analysis reflects that he thoroughly considered the evidence regarding Plaintiff's diabetic retinopathy, including the opinions and examination findings regarding Plaintiff's vision, and the objective evidence shows that the ALJ did not err by not including any visual limitations in the RFC. (*See id.*) For the reasons discussed below, the undersigned agrees with the Commissioner.

**A.    The ALJ properly considered Plaintiff's diabetic retinopathy, and his RFC finding was supported by substantial evidence.**

RFC is what an individual can still do despite her limitations. Social Security Regulation ("SSR") 96-8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996). It reflects

the individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis. *Id*.; *see Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). A regular and continuing basis is an eight-hour day, five days a week, or an equivalent schedule. SSR 96-8p, 1996 WL 374184, at *2. RFC is not the least an individual can do but the most. *Id*. The RFC is a function-by-function assessment, with both exertional and nonexertional factors to be considered, and it is based upon all of the relevant evidence in the case record. *Id*. at 3-6. The ALJ has the sole responsibility for evaluating a claimant's RFC based on the record. 20 C.F.R. § 404.1546(c); *see also Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990). The ALJ must discuss the claimant's ability to perform sustained work activity on a regular and continuing basis and resolve any inconsistencies in the evidence. SSR 96-8p, 1996 WL 374184, at *7.

In making the RFC assessment, the ALJ must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with objective medical evidence and other evidence. *See* 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017); SSR 96-8p, 1996 WL 374184, at *5. The ALJ must also consider limitations and restrictions imposed by all of an individual's impairments, even impairments that are not severe. *See* SSR 96-8p, 1996 WL 374184, at *5. The ALJ may draw reasonable inferences from the evidence in making his decision, but the social security ruling also cautions that presumptions, speculation, and supposition do not constitute evidence. *See e.g.*, SSR 86-8, 1986 WL 68636, at *8 (1986), *superseded by* SSR 91-7c, 1991 WL 231791, at *1

(Aug. 1, 1991) (changing the ruling only to the extent the SSR discusses the former procedures used to determine disability in children).

The ALJ is not required to incorporate limitations in the RFC that he did not find the record supported. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) ("The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record."). In reviewing the ALJ's decision, a finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

In this case, substantial evidence supports the ALJ's conclusion that Plaintiff retained the RFC to perform a reduced range of light work. (Tr. 42-47, Finding #5.) The ALJ's analysis reveals a thorough consideration of the medical evidence and an appropriate assessment of Plaintiff's impairments, including her diagnosis of diabetic retinopathy. (Tr. 42-47.) As the ALJ explained, he accounted for Plaintiff's diabetes, retinopathy, and hypertension in the RFC for light work, with no climbing ladders, ropes, or scaffolds, and contrary to Plaintiff's argument (*see* Pltf. Br. at 5-13), the ALJ reasonably found that the objective evidence did not support any visual limitations. (Tr. 45.)

First, the ALJ noted that Plaintiff has "a standing diagnosis of diabetic retinopathy and complain[ed] of 'very poor' vision." (Tr. 45, 557.) The ALJ further noted, however, that while Plaintiff had "many macular and retinal hemorrhages," with correction (glasses), her right eye vision was 20/50, and her left eye vision was

20/40.  (Tr. 45, 558.)  The ALJ also noted that Plaintiff's overall vision was slightly

improved with eye drops (Tr. 45, 559), as prior examinations had shown 20/60 or

20/50 vision in both the right and left eye.  (Tr. 45, 562, 568, 571.)  The ALJ

observed that Plaintiff's vision did fluctuate some on testing, but it was never worse

than 20/60 with correction apart from a single exam noting 20/70 right eye vision.

(Tr. 45, 843-845, 853-854, 1628-1629, 1637-1638, 1648-1649.)  Furthermore,

treatment records indicate that Plaintiff's diagnosis of "proliferative diabetic

retinopathy with macular edema" was consistently assessed as "mild" and "stable."

(Tr. 17, 97, 76-85, 1630, 1634, 1641, 1643, 1652, 1654.)  And none of Plaintiff's

examining or reviewing physicians assessed any visual limitations.  (*See* Tr. 198-200,

207-210, 863-868, 1658-1660.)  *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir.

1995) (holding that determination of non-disability supported when no physician of

record stated the claimant was disabled).

    As the ALJ acknowledged, Plaintiff testified her vision issues were mostly

distance vision, and thus affected her ability to drive as she could not see street signs

well.  (Tr. 43, 162.)  Plaintiff also testified that she could see close up and could see a

computer, but she had trouble with distance.  (Tr. 175-176.)  Although Plaintiff

argues that these "self-described limitations" compelled the ALJ to include visual

limitations in his RFC finding (*see* Pltf. Br. at 8-9), subjective complaints must be

corroborated, at least in part, by objective evidence.  *See Houston v. Sullivan*, 895 F.2d

1012, 1016 (5th Cir. 1989).  "The ALJ is not required to show that the RFC is

compatible with all of a claimant's self-reported symptoms, but instead to evaluate

that testimony in the context of objective medical evidence and determine the remaining capacity for work." *Crista B. v. Berryhill*, No. 1:18-CV- 00042-BP, 2019 WL 2996553, at *4 (N.D. Tex. June 19, 2019), *adopted by*, 2019 WL 2996021 (N.D. Tex. July 9, 2019) (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "[T]o upset that determination, Plaintiff must show that no reasonable person could find support in the record for the RFC assessed by the ALJ, not only that some conflict might appear to exist between a claimant's purported symptoms and the RFC." *Crista B.*, 2019 WL 2996553, at *4. Plaintiff here has not made that showing.

Plaintiff also argues that the ALJ erred at step five because he did not pose any hypothetical questions to the vocational expert ("VE") that included visual limitations. (*See* Pltf. Br. at 10.) Plaintiff's argument is unavailing. The Fifth Circuit has long recognized that hypothetical questions to a vocational expert shall include functional limitations that the evidence supports and the ALJ accepts. *See Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002). Further, the ALJ is not required to consider limitations that are contradicted by other testimony or records. *See Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001) (noting that a hypothetical question posed to the vocational expert by the ALJ must "incorporate reasonably all disabilities of the claimant recognized by the ALJ") (quoting *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir.1994)); *see also Nic R. v. Kijakazi*, No. 3:22-CV-00106-K-BT, 2023 WL 2529930, at *5 (N.D. Tex. Feb. 21, 2023), *adopted by*, 2023 WL 2531492 (N.D. Tex. Mar. 15,

2023) (finding the ALJ's hypothetical question to the VE that did not include a limitation the ALJ determined was not supported not defective).

After careful consideration of the evidence, the ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence of record. (Tr. 43–45.) *See* SSR 96–7p, 1996 WL 374186, at *2 ("whenever the individual's statements . . . [regarding her] symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record"); 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). An "ALJ's findings regarding the debilitating effect of the subjective complaints are entitled to considerable judicial deference." *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986). As noted previously, the ALJ here reasonably found that Plaintiff's subjective claims of "very poor" vision were not supported by the objective medical evidence and therefore did not warrant the inclusion of visual limitations in the RFC. (*See* Tr. 45.)

Because the ALJ's hypothetical included all of Plaintiff's established limitations, (Tr. 58-59), the VE's response provides substantial evidence supporting his finding that Plaintiff was not disabled. *Masterson*, 309 F.3d 267, 273; *see also Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). Plaintiff fails to provide any evidence showing greater limitations than those assessed by the ALJ in the RFC finding, as was her burden. *Greenspan*, 38 F.3d at 236 (claimant's burden to prove

functional limitations that must be incorporated in the RFC assessment).

Accordingly, the Court finds no error in the ALJ's step-five finding.

In addition, the record reflects that Plaintiff was represented by counsel at the hearing; her counsel questioned the VE; and none of her counsel's questioning involved any visual limitations. (Tr. 190-193.) Thus, Plaintiff's counsel had the opportunity to cross-examine the VE on this issue and failed do so. (*See id*.) Nor has Plaintiff offered contradictory evidence that she could not perform the jobs identified by the VE. *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005) (attorney neither cross-examined the vocational expert nor offered contradictory evidence); *Bordelon v. Astrue*, 281 Fed. App'x. 418, 423 n.7 (5th Cir. 2008) (citation omitted) (noting that Plaintiff's lawyer was "afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical question"); *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) (holding that claimants should not be permitted to scan the record for implied or unexplained conflicts when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing). Thus, Plaintiff's argument fails for this reason as well.

**B.      The ALJ properly considered Dr. McCombs' medical opinions.**

"An 'ALJ is responsible for determining an applicant's residual functional capacity.'" *Webster v. Kijazaki*, 19 F.4th 715, 718 (5th Cir. 2021) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). In doing so, the ALJ "examines the medical evidence in the record, including the testimony of physicians and the

claimant's medical records." *Id.* Effective for claims filed on or after March 27, 2017, the Social Security Agency comprehensively revised its regulations governing medical opinion evidence creating a new regulatory framework. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15, 132-01 (March 27, 2017)). Here, Plaintiff filed her claim on July 22, 2021, and therefore, the 2017 regulations are applicable to her claim.

Under these revised regulations, the ALJ must determine the persuasiveness of a physician's medical opinion. 20 C.F.R. § 416.920c. To determine the persuasiveness of each medical opinion, the ALJ considers supportability, consistency, relationship with the plaintiff, specialization, and other factors that tend to support or contradict a medical opinion. *Id.* §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The most important factors are supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). When considering medical opinions, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. §§ 404.1520c(a), 416.920c(a); *Stephens v. Saul*, 3:20-CV-823-BH, 2020 WL 7122860, at *5 (N.D. Tex. Dec. 4, 2020) (citation omitted); *accord Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (citation omitted).

The ALJ must also explain the persuasiveness of medical opinions. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). An ALJ will discuss how she considered the supportability and consistency factors for a medical source's medical opinions in her

determination or decision.  *Id.*  "At a minimum, the ALJ's discussion [of these factors] must give enough reasons to permit meaningful judicial review."  *Hubbard v. Comm'r of Soc. Sec.*, No. 4:20-CV-588-BP, 2022 WL 196297, at *4 (N.D. Tex. Jan. 21, 2022) (citations omitted).  The ALJ may, but is not required to, explain how she considered the remaining factors.  *Id.*  When a medical source provides multiple medical opinions, the ALJ will articulate how she "considered the medical opinions . . . from that medical source together in a single analysis using the factors," but she is not required to articulate how she considered each medical opinion from one medical source individually.  *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1).

"[F]undamentally, the ALJ cannot reject a medical opinion without an explanation."  *Kneeland v. Berryhill*, 850 F.3d 749, 759-60 (5th Cir. 2017) (citation and internal quotations omitted); *accord Winston*, 755 F. App'x at 398.  In explaining a rejection of a physician's opinion, the ALJ does not have "to state the weight given to each symptom and diagnosis in the administrative record."  *Michelle K. M. v. Berryhill*, No. 3:17-CV-3044-BH, 2019 WL 1243355, at *13 (N.D. Tex. Mar. 18, 2019).  An "ALJ's failure to mention a particular piece of evidence does not necessarily mean that [the ALJ] failed to consider it" when "the ALJ's decision states explicitly that [the ALJ] considered the entire record in [the ALJ's] decision."  *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005).  There is no "statutorily or judicially imposed obligation for the ALJ to list explicitly all the evidence he takes into account in making his findings."  *See Hammond*, 124 F. App'x at 851.  *Wendy M.*

*B. v. Kijakazi*, No. 3:20-CV-02957-BT, 2022 WL 2704038, at *3–4 (N.D. Tex. July 11, 2022).

As the ALJ detailed in his decision, Dr. McCombs opined on February 16, 2023, that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, sit frequently, stand/walk frequently, reach frequently, perform low-level or elevated activity occasionally, and frequently climb stairs. (Tr. 45, 1660.) The ALJ found this opinion "generally persuasive" and consistent with light work. (Tr. 45.) Although the ALJ found the limitation to frequent stair climbing was not supported by Plaintiff's need for multiple breaks when climbing stairs during testing, he found persuasive the remaining limitations assessed by Dr. McCombs. (Tr. 45, 1659.)

As the ALJ explained, he found Dr. McCombs' assessment that Plaintiff could lift 20 pounds from floor to waist and 10 pounds from waist to shoulder height, as well as her ability to complete the walking portion of the test despite pain complaints, supported his conclusions. (Tr. 45, 1659.) The ALJ also found that Plaintiff's relatively unremarkable lumbar imaging (Tr. 1194), her 70% relief with an epidural steroid injection (Tr. 1701), and her hand complaints centering only on her right ring and left little finger (Tr. 1504-1505, 1525-1526, 1549-1550, 1573-1574, 1576-1577), were consistent with the limitations assessed by Dr. McCombs. (Tr. 46.) Fifth Circuit law is well established that the ALJ is empowered to determine the credibility of the examining physicians and medical experts and weigh their opinions accordingly. *See Greenspan*, 38 F.3d at 237; *see also Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988) ("It is, of course, for the [Commissioner] to decide what weight

to accord various medical reports.").

Just one month later, on March 27, 2023, Dr. McCombs completed a "Medical Inquiry" form at the request of Plaintiff's counsel, wherein he opined that Plaintiff was limited to just four hours of sitting, four hours of standing/walking, had a greater than 30% reduction in production/work pace, had an ability to use her hands less than 25% of the workday, and could not persist in full-time work activity. (Tr. 1690-1691.) The ALJ found this opinion unpersuasive, noting that the opinion was "not well explained, especially with respect to the opinion regarding the [Plaintiff's] work pace." (Tr. 46, 1690.) The ALJ also found that the "extreme manipulative limitations [were] not consistent with the other medical records that found full strength in the hands." (Tr. 46, 827). And although Plaintiff argues that the ALJ's full-strength finding did not apply to her hands or grip strength (*see* Pltf. Br. at 20), her argument is meritless, as the record states, "Strength 5/5 in all extremities," which clearly includes the hands. (Tr. 827.)

Finally, the ALJ found Dr. McCombs's March 27, 2023 opinion (Tr. 1658-60) substantially inconsistent with his February 2023 opinion (Tr. 1690-94) and reasonably explained that he gave "more credence" to Dr. McCombs' February 2023 opinion because it was rendered in conjunction with an in-person evaluation of Plaintiff. (Tr. 46.) The ALJ also explained that Dr. McCombs's own evaluation of Plaintiff's abilities did not support his March 2023 opinion. (Tr. 46.) The ALJ further explained that Plaintiff's relatively unremarkable lumbar imaging (Tr. 1194); her 70% relief with an epidural steroid injection (Tr. 1701); and her hand complaints

centering only on her right ring and left little finger (Tr. 1504-1505, 1525-1526, 1549-1550, 1573-1574, 1576-1577) were inconsistent with Dr. McCombs's March 2023 opinion.  (Tr. 46.)

Based on the foregoing, substantial evidence in the record supports the ALJ's RFC finding.  Ultimately, Plaintiff's arguments amount to an invitation for the court to reweigh the evidence, which is not proper under the substantial evidence standard of review.  *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (providing that a reviewing court may not reweigh the evidence or substitute its judgment for the ALJ's judgment even if the evidence weighs against the ALJ's determination); *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018).

## CONCLUSION

The Commissioner's decision is **AFFIRMED**, and this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** on November 8, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE